GIDDINGS & LEWIS, INC., Plaintiff,

v.

HERBERT J. INVESTMENT CORP., Defendant and Third-Party Plaintiff,

v.

C. W. TRANSPORT, INC., Third-Party Defendant and Second Third-Party Plaintiff,

v.

COOPER–JARRETT, INC., Second Third-Party Defendant.

No. 69–C–460.

United States District Court, E. D. Wisconsin.

May 20, 1970.

Edgarton & Hobbs, by Thomas L. Massey, Fond du Lac, Wis., for plaintiff.

Williams, Meyer & Williams, Oshkosh, Wis., for defendant and third party plaintiff.

Laikin, Swietlik & Laikin, Milwaukee, Wis., for second third party defendant.

Prieve, Gerlach & Meyer, Milwaukee, Wis., for third party defendant and second third party plaintiff.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This case was removed from the circuit court of Fond du Lac county at the instance of the third-party defendant, C. W. Transport, Inc. The latter company is the successor in interest to Herbert J. Investment Corp., the original defendant. Herbert J. Investment Corp. had previously been known as Olson Transportation Company; the pleadings of record in this case reflect that C. W. Transport, Inc. entered into an agreement with Olson Transportation Company to purchase the latter company and also agreed to pay any losses suffered by Olson Transportation Company in this action.

Before the matter was removed to this court, the circuit court of Fond du Lac county entertained a motion by Cooper-Jarrett, Inc. to dismiss the action against it on the ground that there was no basis for personal jurisdiction in such court over Cooper-Jarrett, Inc. In a memorandum decision dated March 20, 1969, the state court ruled that Cooper-Jarrett was not subject to Wisconsin's long arm statute, § 262.05(1) (d); in the absence of any basis for personal jurisdiction over Cooper-Jarrett, Inc., the state court

ordered the latter company dismissed from the action. After the case was removed to the federal court, C. W. Transport, Inc. served its third-party complaint against Cooper-Jarrett, Inc.

It is my opinion that if C. W. Transport, Inc. was dissatisfied with the dismissal of Cooper-Jarrett, Inc. from the action, its obligation was to appeal the order of the state circuit court. It is inappropriate to utilize removal as a device for reinstating a proposed third-party defendant after obtaining a ruling on the propriety of such impleader from a court of competent jurisdiction.

The argument is advanced by C. W. Transport, Inc. that the issue as to jurisdiction is now different from that which was determined by the circuit court of Fond du Lac county. It is contended that the state court made its decision as of February 18, 1968, whereas the issue now before the federal court concerns the status of Cooper-Jarrett, Inc. on January 22, 1970. In my opinion, there is no merit to this distinction; the order of the state circuit court was valid when made and is controlling here since the interests and parties represented in that proceeding are, in essence, the same as those before this court. Lawlor v. National Screen Service Corp., 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).

I conclude that under Rule 4(d) (7), Federal Rules of Civil Procedure, Cooper-Jarrett, Inc. is not properly subject to the process of this court and is entitled to be dismissed from this action.

In its brief, the defendant, Herbert J. Investment Corp., discusses the validity of the removal proceedings and urges that there was an irregularity in such removal. There is, however, no motion before the court other than that of Cooper-Jarrett, Inc. for dismissal, and accordingly, the court expresses no opinion on such matter.

Now, therefore, it is ordered that the motion of the second third-party defendant, Cooper-Jarrett, Inc., for dismissal be and hereby is granted.